DAVID M. POITRAS P.C. (Bar No. 141309)
THOMAS M. GEHER (Bar No. 130588)
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Defendant and Counterclaimant Bradley D. Sharp, Chapter 11 Trustee for the Bankruptcy Estate of Namco Capital Group, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>Debtor. | CASE NO.: 2:08-bk-32333 BR<br><br>Chapter 11<br><br>Adv. No.: 2:09-ap-01307 BR |
| PHYSICIANS RECIPROCAL INSURERS, a business association,<br><br>Plaintiff,<br>v.<br>NAMCO CAPITAL GROUP, INC., et al.,<br><br>Defendants. | **BRADLEY D. SHARP, CHAPTER 11 TRUSTEE'S:**<br><br>**(1) ANSWER TO FIRST AMENDED COMPLAINT; AND**<br><br>**(2) COUNTERCLAIM TO AVOID, RECOVER AND PRESERVE INTEREST IN REAL PROPERTY [11 U.S.C. §§ 544(a)(3) AND 551]** |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF NAMCO CAPITAL GROUP, INC.,<br><br>Counterclaimant,<br>v.<br>PHYSICIANS RECIPROCAL INSURERS, a business association,<br><br>Counter-defendants. | Status Conference:<br><br>Date: September 21, 2009<br>Time: 2:00 p.m.<br>Ctrm: 1668 |

PRINTED ON RECYCLED PAPER

JMBM Jeffer Mangels Butler & Marmaro LLP

6292149v1

**COMES NOW** Bradley D. Sharp, Chapter 11 Trustee of the Bankruptcy Estate of Namco Capital Group, Inc. (the "Trustee"), for himself and on behalf of defendant Namco Capital Group, Inc. ("Namco") alone, and severing himself and Namco from all other parties herein, and as the response of the Trustee, on behalf of Namco, to *Plaintiff Physicians Reciprocal Insurers' First Amended Complaint For: (1) Reformation; (2) Declaratory Relief; (3) Equitable Mortgage; and (4) Judicial Foreclosure* (the "Complaint") hereby admits, denies and alleges as follows

## ANSWER TO COMPLAINT

1.　In response to paragraph 1 of the Complaint, the Trustee admits that the Bankruptcy Court has jurisdiction over this adversary proceeding and that this adversary proceeding is related to the pending chapter 11 bankruptcy proceeding entitled *In re Namco Capital Group, Inc.*, bearing Case No. 2:08-bk-32333 BR.  The Trustee further alleges that the claims asserted in the Complaint are not "core" matters.  Notwithstanding, the Trustee consents to the entry, by the United States Bankruptcy Court, of any final orders or judgments in this proceeding.

2.　As paragraph 2 of the Complaint is an alleged recitation of the defendants' duties, under Federal Rule of Bankruptcy Procedure 7012(b), in responding to the Complaint, the Trustee alleges that Federal Rule of Bankruptcy Procedure 7012(b) speaks for itself.

3.　In response to paragraph 3 of the Complaint, the Trustee admits that venue in this district is proper.

4.　In response to paragraph 4 of the Complaint, the Trustee alleges that he lacks information and knowledge to admit or deny the allegations contained in paragraph 4 of the Complaint and, therefore, on that basis, denies the allegations contained in paragraph 4 of the Complaint.

5.　In response to paragraph 5 of the Complaint, the Trustee admits that Namco is a California corporation with its principal place of business in Los Angeles County, California. The Trustee further alleges that Namco is the record owner of a sixty percent (60%) fee simple interest in the real property commonly known and described as 9920 South La Cienega Boulevard, Inglewood, California (the "Property").  Unless explicitly admitted herein, the Trustee denies all

1  remaining allegations set forth in paragraph 5 of the Complaint.

2    6. In response to paragraph 6 of the Complaint, the Trustee alleges that he lacks information and knowledge to admit or deny the allegation that Arnel Investments, LLC ("Arnel") is a California limited liability corporation with its principal place of business in Los Angeles, California and, therefore, on that basis, denies these allegations. The Trustee further alleges, upon information and belief, that Arnel is the record owner of a forty percent (40%) fee simple interest in the Property. Unless explicitly admitted herein, the Trustee denies all remaining allegations set forth in paragraph 6 of the Complaint.

  7. In response to paragraph 7 of the Complaint, the Trustee alleges that he lacks information and knowledge to admit or deny the allegation that Farhad Yazdinian ("Yazdinian") is an individual residing in Los Angeles, California and, therefore, on that basis, denies these allegations. The Trustee further alleges, upon information and belief, that Yazdinian claims to be a beneficiary under a Deed of Trust recorded against the Property on July 18, 2008, as Instrument No. 2008-1286964. Unless explicitly admitted herein, the Trustee denies all remaining allegations set forth in paragraph 7 of the Complaint.

  8. In response to paragraph 8 of the Complaint, the Trustee alleges that he lacks information and knowledge to admit or deny the allegation that Azita Nazy Efraim ("A. Efraim") is an individual residing in Los Angeles, California and, therefore, on that basis, denies these allegations. Unless explicitly admitted herein, the Trustee denies all remaining allegations set forth in paragraph 8 of the Complaint.

  9. In response to paragraph 9 of the Complaint, the Trustee alleges that he lacks information and knowledge to admit or deny the allegation that Esther H. Efraim ("E. Efraim") is an individual residing in Los Angeles, California and, therefore, on that basis, denies these allegations. Unless explicitly admitted herein, the Trustee denies all remaining allegations set forth in paragraph 9 of the Complaint.

  10. In response to paragraph 10 of the Complaint, the Trustee alleges that he lacks information and knowledge to admit or deny the allegation that Feizollah Efraim ("F. Efraim") is an individual residing in Los Angeles, California and, therefore, on that basis, denies these

JMBM Jeffer Mangels Butler & Marmaro LLP

PRINTED ON RECYCLED PAPER

6292149v1

1  allegations. Unless explicitly admitted herein, the Trustee denies all remaining allegations set forth
2  in paragraph 10 of the Complaint.

3        11.    In response to paragraph 11 of the Complaint, the Trustee alleges that he
4  lacks information and knowledge to admit or deny the allegation that Black Equine Holdings Corp.
5  "Black Equine") is a California corporation with its principal place of business in Los Angeles,
6  California and, therefore, on that basis, denies these allegations. Unless explicitly admitted herein,
7  the Trustee denies all remaining allegations set forth in paragraph 11 of the Complaint.

8        12.    In response to paragraph 12 of the Complaint, the Trustee alleges that he
9  lacks information and knowledge to admit or deny the allegations contained in paragraph 12 of the
10 Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 12 of the
11 Complaint.

12       13.    In response to paragraph 13 of the Complaint, the Trustee alleges that he
13 lacks information and knowledge to admit or deny the allegations contained in paragraph 13 of the
14 Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 13 of the
15 Complaint.

16       14.    In response to paragraph 14 of the Complaint, the Trustee alleges that he
17 lacks information and knowledge to admit or deny the allegations contained in paragraph 14 of the
18 Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 14 of the
19 Complaint.

20       15.    In response to paragraph 15 of the Complaint, the Trustee admits that
21 Plaintiff Physicians Reciprocal Insurers commenced an action in the Superior Court of California
22 for the County of Los Angeles, bearing Case No. BC401698 and that the docket and court file in
23 that action speaks for itself. Unless explicitly admitted herein, the Trustee denies all remaining
24 allegations set forth in paragraph 15 of the Complaint.

25       16.    In response to paragraph 16 of the Complaint, the Trustee, upon information
26 and belief, admits that on or about November 12, 2008, a "Notice of Pending Action" was recorded
27 by Plaintiff Physicians Reciprocal Insurers ("Plaintiff"), as Instrument No. 20081996589, in the Los
28 Angeles County Recorder's Office. Unless explicitly admitted herein, the Trustee denies all

PRINTED ON
RECYCLED PAPER

6292149v1

- 4 -

1 remaining allegations set forth in paragraph 16 of the Complaint.

2       17.    In response to paragraph 17 of the Complaint, the Trustee, upon information and belief, admits the allegations set forth in paragraph 17 of the Complaint.

      18.    The Trustee admits the allegations set forth in paragraph 18 of the Complaint.

      19.    The Trustee admits the allegations set forth in paragraph 19 of the Complaint.

      20.    The Trustee admits the allegations set forth in paragraph 20 of the Complaint.

      21.    The Trustee admits the allegations set forth in paragraph 21 of the Complaint.

      22.    In response to paragraph 22 of the Complaint, the Trustee incorporates herein by this reference paragraphs 1 through 21, inclusive, of this Answer as if set forth in full herein.

      23.    In response to paragraph 23 of the Complaint, the Trustee alleges that he lacks information and knowledge to admit or deny the allegations contained in paragraph 23 of the Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 23 of the Complaint.

      24.    In response to paragraph 24 of the Complaint, the Trustee, on information and belief, admits that Namco acquired the Property and that Namco apparently executed a "Promissory Note" dated January 24, 2006, payable to La Cienega Investors, L.P. ("LCI") in the principal sum of $15,000,000. Unless explicitly admitted herein, the Trustee denies all remaining allegations set forth in paragraph 24 of the Complaint.

      25.    In response to paragraph 25 of the Complaint, the Trustee alleges that the "2006 Promissory Note" speaks for itself. Unless explicitly admitted herein, the Trustee denies all remaining allegations set forth in paragraph 25 of the Complaint.

      26.    In response to paragraph 26 of the Complaint, the Trustee, upon information and belief, alleges that on March 13, 2006, a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" executed by Namco, as trustor, was recorded in the Los Angeles County Recorder's Office as Instrument No. 06-0536212 (the "Deed of Trust"). Unless explicitly admitted herein, the Trustee denies all remaining allegations set forth in paragraph 26 of the Complaint.

      27.    In response to paragraph 27 of the Complaint, the Trustee admits that the

JMBM | Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

6292149v1

1  Deed of Trust does not contain any legal description of real property. The Trustee further alleges
2  that he lacks information and knowledge to admit or deny the remaining allegations contained in
3  paragraph 27 of the Complaint and, therefore, on that basis, denies all remaining allegations set
4  forth in paragraph 27 of the Complaint.

5        28. In response to paragraph 28 of the Complaint, the Trustee alleges that he
6  lacks information and knowledge to admit or deny the allegations contained in paragraph 28 of the
7  Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 28 of the
8  Complaint.

9        29. In response to paragraph 29 of the Complaint, the Trustee alleges that the
10 "2006 Promissory Note" speaks for itself.

11       30. In response to paragraph 30 of the Complaint, the Trustee alleges that he
12 lacks information and knowledge to admit or deny the allegations contained in paragraph 30 of the
13 Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 30 of the
14 Complaint.

15       31. In response to paragraph 31 of the Complaint, the Trustee alleges that he
16 lacks information and knowledge to admit or deny the allegations contained in paragraph 31 of the
17 Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 31 of the
18 Complaint.

19       32. In response to paragraph 32 of the Complaint, the Trustee alleges that he
20 lacks information and knowledge to admit or deny the allegations contained in paragraph 32 of the
21 Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 32 of the
22 Complaint.

23       33. In response to paragraph 33 of the Complaint, the Trustee alleges that he
24 lacks information and knowledge to admit or deny the allegations contained in paragraph 33 of the
25 Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 33 of the
26 Complaint.

27       34. In response to paragraph 34 of the Complaint, the Trustee alleges that he
28 lacks information and knowledge to admit or deny the allegations contained in paragraph 34 of the

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Marmaro LLP

6292149v1

1  Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 34 of the
2  Complaint.

3      35.    In response to paragraph 35 of the Complaint, the Trustee alleges that he
4  lacks information and knowledge to admit or deny the allegations contained in paragraph 35 of the
5  Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 35 of the
6  Complaint.

7      36.    In response to paragraph 36 of the Complaint, the Trustee alleges that he
8  lacks information and knowledge to admit or deny the allegations contained in paragraph 36 of the
9  Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 36 of the
10  Complaint.

11      37.    In response to paragraph 37 of the Complaint, the Trustee incorporates herein
12  by this reference paragraphs 1 through 36, inclusive, of this Answer as if set forth in full herein.

13      38.    In response to paragraph 38 of the Complaint, the Trustee admits that, due to
14  the claims asserted herein by Plaintiff, an actual controversy exists concerning the rights and claims
15  of Plaintiff related to the Property.

16      39.    In response to paragraph 39 of the Complaint, the Trustee alleges that he
17  lacks information and knowledge to admit or deny the allegations contained in paragraph 39 of the
18  Complaint and, therefore, cannot admit or deny such allegations. Notwithstanding, the Trustee
19  contends that, in his status as a bona fide purchaser of the Property, the bankruptcy estate of Namco
20  takes title to the Property free and clear of any claim, lien, interest or encumbrance of Plaintiff.

21      40.    The Trustee denies the allegations contained in paragraph 40 of the
22  Complaint.

23      41.    In response to paragraph 41 of the Complaint, the Trustee incorporates herein
24  by this reference paragraphs 1 through 40, inclusive, of this Answer as if set forth in full herein.

25      42.    In response to paragraph 42 of the Complaint, the Trustee alleges that he
26  lacks information and knowledge to admit or deny the allegations contained in paragraph 42 of the
27  Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 42 of the
28  Complaint.

PRINTED ON
RECYCLED PAPER

JMBM Jeffer Mangels Butler & Marmaro LLP

6292149v1

43. In response to paragraph 43 of the Complaint, the Trustee alleges that he lacks information and knowledge to admit or deny the allegations contained in paragraph 43 of the Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 43 of the Complaint.

44. In response to paragraph 44 of the Complaint, the Trustee alleges that he lacks information and knowledge to admit or deny the allegations contained in paragraph 44 of the Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 44 of the Complaint.

45. In response to paragraph 45 of the Complaint, the Trustee alleges that he lacks information and knowledge to admit or deny the allegations contained in paragraph 45 of the Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 45 of the Complaint.

46. In response to paragraph 46 of the Complaint, the Trustee alleges that he lacks information and knowledge to admit or deny the allegations contained in paragraph 46 of the Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 46 of the Complaint.

47. In response to paragraph 47 of the Complaint, the Trustee incorporates herein by this reference paragraphs 1 through 46, inclusive, of this Answer as if set forth in full herein.

48. In response to paragraph 48 of the Complaint, the Trustee alleges that he lacks information and knowledge to admit or deny the allegations contained in paragraph 48 of the Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 48 of the Complaint.

49. In response to paragraph 49 of the Complaint, the Trustee alleges that he lacks information and knowledge to admit or deny the allegations contained in paragraph 49 of the Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 49 of the Complaint.

50. In response to paragraph 50 of the Complaint, the Trustee alleges that the "2006 Promissory Note" speaks for itself.

PRINTED ON RECYCLED PAPER

JMBM Jeffer Mangels Butler & Marmaro LLP

6292149v1

51.  In response to paragraph 51 of the Complaint, the Trustee alleges that the "2006 Promissory Note" speaks for itself. Further, the Trustee alleges that he lacks information and knowledge to admit or deny the allegations contained in paragraph 51 of the Complaint and, therefore, on that basis, denies all allegations set forth in paragraph 51 of the Complaint.

52.  In response to paragraph 52 of the Complaint, the Trustee alleges that the "2006 Promissory Note" and the "Deed of Trust" speak for themselves.

53.  The Trustee denies the allegations set forth in paragraph 53 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

54.  That the Complaint, and each purported claim for relief set forth therein, fails to state facts sufficient to constitute a claim for relief against the Trustee.

## SECOND AFFIRMATIVE DEFENSE

55.  Pursuant to Bankruptcy Code § 544(a)(3), the Trustee has, as of the commencement of Namco's bankruptcy case, all of the rights and powers of a bona fide purchaser of the Property. The Trustee, as a bona fide purchaser of the Property as of the commencement of Namco's bankruptcy case, would take title to the Property free and clear of any claim, lien, encumbrance and interest of Plaintiff Physicians Reciprocal Insurers, including, but not limited to, any claim, lien, encumbrance and interest pursuant to that Deed of Trust which is the subject of this adversary proceeding.

## THIRD AFFIRMATIVE DEFENSE

56.  That the Complaint, and each purported claim for relief contained therein, is barred and/or defeated by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

57.  That the Complaint, and each purported claim for relief contained therein, is barred and/or defeated by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

58. That the Complaint, and each purported claim for relief contained therein, is barred and/or defeated by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

59. That the Complaint, and each purported claim for relief contained therein, is barred and/or defeated by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

60. Based upon the Trustee's preliminary general investigation into various transactions whereby Namco issued promissory notes and deeds of trust, it appears that in certain circumstances certain notes and deeds of trust issued by Namco may be shams. Accordingly, in order not to waive such affirmative defense and subject to further discovery, the Trustee alleges that the subject deed of trust, and any promissory note secured by such, is not enforceable because there is no valid underlying loan, transaction or consideration.

### EIGHTH AFFIRMATIVE DEFENSE

61. As the Trustee was recently appointed, this action was recently commenced and the underlying facts occurred prior to the Trustee's appointment, the Trustee hereby reserves his right to amend and supplement this Answer to add additional and different affirmative defenses as discovery and investigation disclose new, different or other facts and theories.

///
///
///
///
///
///
///
///

PRINTED ON
RECYCLED PAPER

6292149v1

## COUNTERCLAIM AGAINST
## PHYSICIANS RECIPROCAL INSURERS
## FOR AVOIDANCE, RECOVERY AND PRESERVATION
## OF SUBJECT DEED OF TRUST FOR BENEFIT OF BANKRUPTCY ESTATE

62. On December 22, 2008, an Involuntary Petition was filed with this Court against Namco seeking the entry of an order for relief against Namco.

63. On or about January 29, 2009, an order for relief against Namco was entered by this Court.

64. On or about May 8, 2009, Bradley D. Sharp (the "Trustee") was appointed as the chapter 11 trustee for the bankruptcy estate of Namco.

65. Pursuant to Bankruptcy Code § 544(a)(3), the Trustee is empowered with all of the rights, powers, privileges, benefits and protections of a bona fide purchaser of the Property which came into existence as of the commencement of Namco's bankruptcy case, i.e., December 22, 2008, whether or not such a bona fide purchaser exists and without regard to the Trustee's knowledge.

66. That "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" executed by Namco, as trustor, and recorded in the Los Angeles County Recorder's Office as Instrument No. 06-05362112 (the "Deed of Trust") does not contain any legal description of the Property or any other description of the Property. The Deed of Trust, therefore, did not, and does not, create any lien, encumbrance, claim or interest in or against the Property.

67. On December 22, 2008, a bona purchaser of the Property would take ownership and title to the Property free and clear of the Deed of Trust, as well as any lien, encumbrance, claim or interest purportedly created thereby.

**WHEREFORE**, the Trustee prays for judgment as follows:

1. On the Complaint, that Plaintiff take nothing, Plaintiff's request and prayer for reformation, equitable mortgage and judicial foreclosure be denied and that judgment be entered in favor of the Trustee and against Plaintiff;

2. On the Trustee's Counterclaim, that this Court enter a judgment in favor of

PRINTED ON
RECYCLED PAPER

JMBM Jeffer Mangels Butler & Marmaro LLP

1  the Trustee and against Plaintiff whereby the Deed of Trust is (a) avoided, (b) recovered and (c)

2  preserved for the benefit of the bankruptcy estate of Namco;

3       3.      For costs of suit incurred herein;

4       4.      For attorneys' fees incurred herein; and

5       5.      For such other relief as this Court determines is just and proper.

7  DATED: July 24, 2009           JEFFER, MANGELS, BUTLER & MARMARO LLP
                                                         DAVID M. POITRAS P.C.
                                                         THOMAS M. GEHER

10                                 By: /s/ Thomas M. Geher
                                                         THOMAS M. GEHER
11                                                       Attorneys for BRADLEY D. SHARP, CHAPTER 11
                                                         TRUSTEE FOR THE BANKRUPTCY ESTATE OF
12                                                       NAMCO CAPITAL GROUP, INC.

PRINTED ON
RECYCLED PAPER
JMBM Jeffer Mangels Butler & Marmaro LLP

6292149v1

- 12 -

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1900 Avenue of the Stars, Seventh Floor, Los Angeles, CA 90067-4308

The foregoing document described **BRADLEY D. SHARP, CHAPTER 11 TRUSTEE'S: (1) ANSWER TO FIRST AMENDED COMPLAINT; AND (2) COUNTERCLAIM TO AVOID, RECOVER AND PRESERVE INTEREST IN REAL PROPERTY [11 U.S.C. §§ 544(a)(3) AND 551]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 24, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- J Scott Bovitz    bovitz@bovitz-spitzer.com
- Thomas M Geher    tmg@jmbm.com
- Barry S Glaser    bglaser@swjlaw.com
- Jennifer Leland    jleland@pwkllp.com
- Monserrat Morales    mmorales@pwkllp.com
- Penelope Parmes    pparmes@rutan.com
- David M Poitras    dpoitras@jmbm.com
- David B Shemano    dshemano@pwkllp.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On July 24, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Honorable Barry Russell
United States Bankruptcy Court
Edward R. Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **July 24, 2009** | Claudean Brandon | /s/ Claudean Brandon |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

PRINTED ON RECYCLED PAPER

JMBM Jeffer Mangels Butler & Marmaro LLP

6292149v1

1  **II. SERVED BY U.S. MAIL**

2  Counsel for Defendants Azita Nazy Efraim,
Esther H. Efraim, Feizollah Efraim and
3  Black Equine Holdings Corp.
Bradley D. Ross
4  Freeman Freeman & Smiley LLP
3415 S Sepulveda Blvd #1200
5  Los Angeles, CA 90034

6  Counsel for Defendant Arnel Investments, LLC
John D. Wilson
7  Schwartz, Wisot & Wilson, LLP
1875 Century Park East, Suite 850
8  Los Angeles, CA 90067

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

6292149v1

- 14 -